IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH EATON AND,
GEORGE CAMPBELL,
          Plaintiffs,

v.                                          Case No. 06-4030-JAR

STEVE HARSHA, CHIEF OF POLICE,
CITY OF TOPEKA, individually and in his
official capacity, and JOHN DOES #1-10

          Defendants.

_____

## PROTECTIVE ORDER

Now on this 15th day of June, 2006, this Order is entered pursuant to the provisions of Fed. R. Civ. P. 26(c). Plaintiffs Kenneth Eaton and George Campbell appear by their attorney, Clint Patty. Defendant Steve Harsha, in his individual and official capacities, appears by his attorney, Mary Beth Mudrick.

Thereupon, recognizing that the issues in this case may involve the production and request for production of documents, the inspection of tangible things, the answering of interrogatories and other discovery which would involve the revelation of confidential and sensitive personnel records, the Court hereby finds that good cause exists for entry of a Protective Order limiting dissemination of such confidential information. The Court therefore hereby enters its Protective Order as follows:

      1.    The term "Confidential Discovery Material" as used in this order shall mean all documents or things designated in good faith by any party producing such document as "Confidential," whether produced pursuant to any discovery requests, subpoena or order in this case or produced voluntarily for the purpose of compliance with Fed. R. Civ. P. 26 or any other discovery or pretrial procedure rule.

Specifically, Confidential Discovery Material shall include, but not be limited to, personnel records of any employee of the City of Topeka.

2. Except for the prior written consent of the producing party, Confidential Discovery Material may not be disclosed to any person other than:

    a. A party to this litigation, including any officer, official, director, employee, agent or attorney for a party;

    b. The Judge presiding in this case, the Judge's staff and such employees of the Court as directed by the Judge;

    c. Counsel of record for any party and their associates, paralegals and office staff;

    d. Outside experts, consultants, advisors and analysts retained or consulted for the purpose of assisting a party in preparation and trial of this case;

    e. Employees of a party who have any legitimate reason for consultation with respect to the litigation; and

    f. Witnesses being deposed or presented at trial.

3. All Confidential Discovery Materials shall be used and disclosed solely for the purposes of preparation, evaluation at trial or other resolution of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court or another Court with jurisdiction, or any administrative agency with jurisdiction.

4. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. Within sixty days of such final resolution, each party who received Confidential Discovery Materials shall, at its option, either:

      a.      Return all copies thereof; or

      b.      Furnish to the producing party a certificate stating that all such copies have been collected and destroyed.

5.      Nothing in this Order shall:

      a.      Restrict the right of any party to disclose any Confidential Discovery Material produced or provided by that party to any other person;

      b.      Restrict the right of any party to use Confidential Discovery Materials in any hearing or trial in this case; provided, however, that the parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Discovery Material from disclosure to the public. Specifically, the parties agree to seek the issuance of an order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for Confidential Discovery Material under this Order;

      c.      Prevent any party from objecting to discovery that the party believes is improper for any reason; and

      d.      Preclude any party from seeking any further additional protection for Confidential Discovery Material not provided in this Order.

6.      Any notice to a party required by this Order may be given by notifying that party's counsel of record in this case or the party directly if the party is not represented by counsel at the time. Any act by a party required by this Order may be performed by that party's counsel of record in this case or the party directly if the party is not represented by counsel.

7. In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal. In the event the Court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential. (*See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same)).

IT IS SO ORDERED on this 15th day of , 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
UNITED STATES MAGISTRATE JUDGE