IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| KENNETH EATON <br> AND GEORGE CAMPBELL <br><br> Plaintiffs, <br><br> vs. <br><br> STEVE HARSHA, CHIEF OF POLICE, <br> CITY OF TOPEKA, individually and in his <br> official capacity, and JOHN DOES # 1-10 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06-4030-JAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

This matter comes before the court upon defendants' Motion to Enforce the Protective Order entered in this case or alternatively, to Prohibit Dissemination of Pre-Trial Discovery Materials (Doc. 26). Plaintiffs have filed a Response in Opposition to defendants' motion (Doc. 29) to which defendants have replied (Doc.31 ). The court therefore deems defendants' motion ripe for disposition.

In their motion, defendants seek to enforce the protective order (Doc. 20) entered in this case. Defendants specifically argue two main points in support of this motion: (1) That release of defendant Harsha's deposition violates the Protective Order in this case; and (2) That plaintiffs may not otherwise release the deposition to the public because "pre-trial discovery materials are not public components of civil litigation and the release of such materials would be disruptive to the settlement/mediation process and to the administration of justice." The court shall address both arguments below.

**Discussion**

As an initial matter, under the Federal Rules of Civil Procedure, a district court possesses the sound discretion to enter a protective order upon motion by a party or by the person from whom discovery is sought in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[1] Discovery materials that are sealed under a protective order are barred from disclosure and dissemination to third parties and for purposes other than the pending judicial proceedings for which the order was entered.[2] With this in mind, the court will now address defendants' arguments.

A.      **Whether defendant Harsha's deposition is covered by the Protective Order**.

In the instant case, upon a finding of good cause, this court entered a protective order restricting dissemination of confidential information:

> "produced pursuant to discovery requests, subpoena or order in this case or produced voluntarily for the purpose of compliance with Fed. R. Civ. P. 26 or any other discovery or pre-trial procedure rule.  Specifically, Confidential Discovery Material shall include, but not be limited to, personnel records of any employee of the City of Topeka."[3]

The Protective Order dictates that personnel records of the City of Topeka are prohibited from dissemination for any purpose other than the "preparation, evaluation at trial or other resolution of this case."[4] In making preparations for, evaluations of, and attempted resolution to this case, personnel records are prohibited from dissemination to any person other than:

> "a party to this litigation, including any officer, official, director, employee, agent or

---

[1] Fed. R. Civ. Pro. 26(c).

[2] *Grundberg v. Upjohn Co.,* 140 F.R.D. 459, 465 (D. Utah 1991)

[3] Protective Order (Doc. 20) at ¶ 1.

[4] *Id.* at ¶ 3.

attorney for a party; the Judge presiding in this case, the Judge's staff and such employees of the court as directed by the judge; Counsel of record for any party and their associates, paralegals and office staff; outside experts, consultants, advisors and analysts retained or consulted for the purpose of assisting a party in preparation and trial of this case; employees of a party who have any legitimate reason for consultation with respect to the litigation; and witnesses being deposed or presented at trial.[5]

In this instance, the plain language and ordinary meaning of the protective order prohibits dissemination of personnel records of "*any* employee of the City of Topeka."[6] As plaintiffs are employees of the City of Topeka and have given no express authorization for the release of their personnel records, this protective order applies equally to their personnel records. Furthermore, the protective order applies to references to, quotes of, or attachments of these personnel records in deposition testimony.[7]

Therefore, defendant Harsha's deposition, to the extent defendant Harsha's testimony references, quotes from and contains attachments of personnel records falls within the Protective Order.[8] To permit dissemination of this protected deposition testimony would undermine the Protective Order and would risk hampering the fair administration of justice as well as the "meaningful and lawful disposition" of a case that "must be tried with fairness to all parties."[9] By a plain and ordinary interpretation of the protective order, this court holds that defendant Harsha's

---

[5] *Id.* at ¶ 2.

[6] *Id.* at ¶ 1 (*emphasis added*).

[7] *See Crystal Grower's Corp., v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980) (sealing under protective order the docketing statement, joint appendix and appellate briefs filed in conjunction with a brief, all of which contained discussions of, references to or quotations from privileged or immune documents).

[8] *See* Harsha Dep. 65: 3-5; 72:2-14; 89:19-21; 97:24-98:3; 99:14-100:1; 102:17-23; 105:6-8; 108:12-109:21; 110:5-113:2; 114:4-5; 115:4-16; 120:4-8; 120:23-135:23; 144:8-12 (quoting from, referencing, or attaching Exhibits 3-5).

[9] *Uinta Oil Ref. Co., v. Cont'l Oil Co.,* 36 F.R.D. 176, 180 (D. Utah 1964).

deposition testimony that references, quotes from, or attaches personnel records of the City of Topeka remains sealed under the protective order.

> **B. Whether the court should prohibit release of the deposition because pretrial discovery materials are not public components of civil litigation and/or would be disruptive to the settlement/mediation process and to the administration of justice.**

Alternatively, defendants also petition the court for an order prohibiting dissemination of the deposition because "pre-trial discovery materials are not public components of civil litigation and the release of such materials would be disruptive to the settlement/mediation process and to the administration of justice."[10]

Whether pre-trial discovery materials are a component of public record is a well settled point of law in federal courts. The United States Supreme Court has repeatedly held that "pretrial depositions and interrogatories are not public components of a civil trial."[11] Such proceedings were not open to the public at common law and "they are conducted in private as a matter of modern practice" as:

> Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."[12]

In deciding when and if a deposition is to be entered into the public record, federal district courts may adopt local rules providing that the fruits of discovery are not be filed except on order of

---

[10] *See* Defendants' Motion to Enforce Protective Order (Doc. 26), at p. 1.

[11] *Seattle Times Co., v. Rhinehart,* 467 U.S. 20, 33 (1984); *Oklahoma Hosp. Ass'n v. Okl. Pub. Co.,* 748 F.2d 1421, 1425 (10th Cir. 1984).

[12] *Seattle Times,* 467 U.S. at 33.

the court.[13]  In this court, D. Kan. Rule 30.2 states dictates that a deposition "shall not be filed with the clerk unless ordered by the court."[14]  However, while depositions (as well as other pre-trial discovery materials) are not public components of civil litigation until filed under court order or introduced into evidence, such materials may be disseminated to third parties unless sealed by a valid protective order.[15]  It necessarily follows, then, that once a valid protective order is entered, the protective order prohibits the party from disseminating information obtained through pre-trial discovery unless the information is "gained through means independent of the court's processes." [16]

In this case, the court has already found that those portions of defendant Harsha's deposition that reference, quote from, or attach personnel records of the City of Topeka remain sealed under the Protective Order.  Nonetheless, defendants contend that permitting dissemination of redacted deposition testimony, with deletions of all references to, quotations from, and attachments of personnel records of the City of Topeka, would "produce a document that does not represent the actual testimony of Steve Harsha" and that "release of such an extensively redacted document makes no sense and could be prejudicial to Defendant Harsha."  The court disagrees.  Defendants offer no evidence of actual harm that defendant Harsha might suffer or evidence that the deposition's release "would be disruptive to the settlement/mediation process and to the administration of justice."[17]  The court notes that court-ordered mediation was conducted on August

---

[13] *Id..*

[14] D. Kan Rule 30.2.

[15] *Oklahoma Hosp. Ass'n v. Okl. Pub. Co.,* 748 F.2d 1421, 1425 (10th Cir. 1984).

[16] *Seattle Times,* 467 U.S. at 34.

[17] *See* Defendants' Motion to Enforce Protective Order (Doc. 26), at p. 1.

24, 2006, but was unsuccessful in settling the case.[18] This court concedes that the redacted testimony would, by its very nature, be incomplete as disseminated to the public. However, upon being introduced into evidence or filed pursuant to court order, the court notes that the complete deposition would be available at trial as to not hamper the administration of justice. Therefore, the court disagrees with defendants that release of the redacted deposition to the public, while preserving the full deposition for trial, would be prejudicial to defendant Harsha. The court finds that contents of defendant Harsha's deposition that are *un*related to personnel records of the City of Topeka are not sealed under the current Protective Order and therefore may be disseminated to third parties.

As the court otherwise fails to find sufficient cause to prohibit dissemination of defendant Harsha's deposition testimony in its entirety, this court holds that the components of defendant Harsha's testimony that do not quote from, reference, or contain attachments to personnel records of the City of Topeka may be disseminated to the public and are not sealed under the Protective Order. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Enforce the Protective Order (Doc. 26) be granted in part and denied in part. All components of defendant Harsha's deposition that make reference to, quote from, or attach personnel records of the City of Topeka are hereby sealed pursuant to the Protective Order (Doc. 20) in this case.

**IT IS FURTHER ORDERED** that prior to disseminating any portion of defendant Harsha's deposition that is not covered by the Protective Order, the parties shall confer and present to the court in camera a redacted copy of the deposition for approval by this court on or before **November**

---

[18] *See* ADR Report (Doc. 30) filed August 25, 2006.

13, 2006.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2006, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>  
K. Gary Sebelius  
U.S. Magistrate Judge